Frank Frisenda  (State Bar #85580)
FRISENDA, QUINTON & NICHOLSON
11601 Wilshire Boulevard, Suite 500
Los Angeles, California  90025
Tel.: (702) 792-3910
Fax:  (702) 436-4176
E-Mail:  frankfrisenda@aol.com
Attorney for Plaintiff Jan Davidson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JAN DAVIDSON, a citizen of California,<br><br>Plaintiffs,<br><br>vs.<br><br>ETSY, INC, a Delaware corporation,<br>PRINTFUL, INC., a California corporation,<br>YON JAE CHONG DBA WET NOSE<br>DESIGN STUDIO, AND DOES 1 THROUGH<br>10 INCLUSIVE<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS COPYRIGHT<br>   INFRINGEMENT; and<br>3. CONTRIBUTORY COPYRIGHT<br>   INFRINGMENT<br><br>JURY TRIAL DEMANDED |

Plaintiff Jan Davidson, by her counsel, files this complaint against Defendants Etsy, Inc Printful, Inc. and Defendant Yon Jae Chong (collectively "Defendants") and hereby demands a jury trial and alleges and says:

1

## NATURE OF THE ACTION

1. This is a civil action for Copyright Infringement, for Defendants' violations of the Copyright Act, and Vicarious Copyright Infringement, and Contributory Copyright Infringement. In more detail, Plaintiff seeks damages and preliminary and permanent injunctive relief arising from Defendants' manufacture, distribution and sale of knock-off artwork products identified as "BEER EYE CHART" tee shirts, shirts, mugs and related products. ("Accused Products")

2. Defendants have further unlawfully advertised and promoted their use of Plaintiff's copyrighted artwork to their customers. Indeed, Plaintiff is informed and believes, and on that basis avers, that the Defendants sometimes sell their infringing products , in order to promote, market, and profit from their sales of other goods and services.

3. Defendants do not have any license or other authorization from Plaintiff to reproduce, distribute, or sell any of Plaintiff's copyrighted works and otherwise protected artwork, or to use them to solicit, encourage, and induce sales of other goods and services. Defendants are fully aware that their conduct is unlawful but have willfully chosen to engage in this unlawful conduct to maximize their profits and in conscious disregard of Plaintiff's rights. Defendants' infringement has caused substantial, manifest, and irreparable harm to Plaintiff, who invested  thousands of dollars and enormous amounts of time and creative energy to produce and exploit their copyrighted and otherwise protected works infringed by Defendants.

## PARTIES

4. Plaintiff Jan Davidson is an individual, and citizen of the State of California, residing in Santa Barbara County.  Plaintiff Davidson is the original author and artist of that certain 2-D artwork entitled BEER EYE CHART for which US Certificate of Copyright Registration was granted effective April 12, 2017, Registration Number VA 2-070-959.   (Exhibit "1" hereto). Plaintiff Davidson is the lawful owner of all right, title, and interest in and to the copyrighted artwork. (Exhibit "2" hreto).

COMPLAINT FOR CORPYRIGHT INFRINGEMEN, ETC.

5. Upon information and belief Defendant Yong Jae Chong ("Defendant Chong") is an individual residing at 2807 Union Ave. San Jose, CA 95124 doing business as WET NOSE DESIGN STUDIO. Defendant Chong promotes, advertises, distributes and sells products bearing Plaintiff's copyrighted work "BEER EYE CHART" including, T-Shirts, Shirts and Mugs ("Accused Products') shown in Exhibit "3" hereto. Defendants' Accused products are strikingly similar to Plaintiff's genuine artwork that bears Plaintiff's copyright notice in addition to the phrase "All rights reserved".

6. Upon information and belief, Defendant Etsy, Inc. ("Defendant Etsy") is, and at all times herein mentioned was, a Delaware Corporation, with its principal place of business at 117 ADAMS STREET BROOKLYN NY 11201. Defendant Etsy is the owner of the URL, Etsy.com, an interactive website, that distributes, sells, promotes, advertises and offers to sell the Accused Products.  Upon information and belief, Defendant Etsy obtained financial benefits from the promotion advertising, manufacture, distribution and sale of the Accused Products and from the subject infringement.  Defendant Etsy distributes, sells and promotes the Accused Products, promotes the infringing activities of Defendant Printful and otherwise contributes to the infringement of Plaintiffs protected work. See Exhibit 4 hereto.

7. Upon information and belief, Defendant Printful, Inc. ("Defendant Printful") is, and at all times herein mentioned was a California Corporation with its principal place of business at 19749 Dearborn Street, Chatsworth, CA 91311. Defendant Printful, together with Defendant Esty,, manufactures, distributes sells, promotes, advertises and offers to sell the Accused Products on Defendant ETSY's website among other channels of trade.

8.. Plaintiff is informed and believes and on that basis avers that at all times mentioned in this complaint, each of the Defendants was acting in concert with all of the other Defendants and was the agent of each of the other Defendants and, in doing the things averred in this complaint, was acting within the course and scope of such agency.

9.  Plaintiff is informed and believes that Defendants each acted intentionally and willfully in the infringing activities described herein.

//

3

# JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1338, and 1367(a).

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

12. This Court has personal jurisdiction over Defendants, which do and solicit continuous and systematic business in California; which engage in at least a substantial part of the conduct averred herein in California, which conduct has injured Plaintiffs in California; which transact business with one another in California, including with respect to the matters giving rise to this suit; which derive substantial revenue from goods used or services rendered in California; which expect or reasonably should expect their infringing conduct to have consequences in California; and which derive substantial revenue from interstate commerce

# BACKGROUND FACTS

13. Plaintiff Jan Davidson is well known in the wine community as a phenomenal artist, with a good sense of humor. For at least the past decade, Ms. Davidson has developed many loyal customers and has utilized her artistic skills by customizing orders per many requests.

14. Plaintiff produces art for galleries and for the general consuming public. Plaintiff has successfully sold thousands of authentic artworks marketed though the trade channels such as internet sites and retail stores such as Napa General Store, Wine Vine Imports, and True Fabrications.

4

15.  A comparison of Defendants' Accused Products with Plaintiff's authentic artwork shows Defendants' deceptive efforts to imitate, rather than innovative, as follows:



| PLAINTIFFS' AUTHENTIC BEER EYE CHART | DEFENDANTS' KNOCK-OFF BEER EYE CHART T-SHIRT |
|---|---|

16.  The striking similarities between the two competing products demonstrates Defendants' deceptive intent and use of Plaintiffs' BEER EYE CHART features.   For instance, each artwork has central wording in the format of an EYE CHART.  Every line reads exactly the same spelled in identical combinations of words. These unusual combinations seen in Defendants' product, and in virtually the same order as Plaintiff's artwork are the unmistakable signposts of Defendants' copying and Defendants' trading off of Plaintiff's goodwill.

17.  Defendants sell and offer to sell, tee shirts, baseball shirts, long sleeve shirts and  mugs prominently displaying Plaintiff's artwork.

18.  Defendants use their infringing copies of Plaintiff's artwork to draw attention to, and promote the sales of, their other products and services. Plaintiff is informed and believe, and on that basis avers, that Defendants have knowingly and intentionally used infringing artwork owned by

5

Plaintiff as a "door opener" to solicit customers to purchase other goods and services from Defendants. Defendants' infringing and unlawful uses of Plaintiff's' copyrighted artwork , and otherwise protected works have at least partially contributed to, are reasonably related to, and/or bear a legally significant relationship to Defendants' sales of such other goods and services and Defendants' profits there from.

19.   Defendants' misconduct has proximately caused substantial additional damage to Plaintiff in many separate and independent ways.  By way of example only, and without limitation, Defendants' unauthorized uses of Plaintiff's property diminishes the value of such property for other uses, including first-use premiums and exclusive uses; and by using, and advertising and promoting their use of, Plaintiff's property without any indication that such uses are licensed or authorized by Plaintiff, Defendants denigrate and disparage Plaintiff and her artwork by conveying to their customers and the general public that Plaintiff's property is without value, and/or is of insignificant or insubstantial value, to Plaintiff's great and incalculable injury.

20.   Through their conduct averred herein, Defendants have infringed Plaintiff's copyright and exclusive rights in Plaintiff's copyrighted and otherwise protected products   by reproducing, distributing, and preparing derivative works based upon such works without authorization in violation of Sections 106, 115, and 501 of the Copyright Act, 17 U.S.C. §§ 106, 115, and 501.

## COUNT I – COPYRIGHT INFRINGMENT

### By Plaintiff Davidson against All Defendants

21.   Plaintiff Davidson re-alleges paragraphs 1 through 20 as if fully set forth herein.

22.   Plaintiff is the author of the original copyrighted work of art that the Defendants have unlawfully copied and sold. Such original works of art of Plaintiff are fixed in a tangible form and have been published. As such, Plaintiff Davidson owns the copyrights to her artwork and is entitled to protections afforded under common law and 17 U.S.C. § 501, et seq. Plaintiff attaches a copyright notice to all of her published work.

6

23.   Without authorization, Defendants have willfully copied and sold Plaintiff's copyrighted work, which to the ordinary observer, are substantially and strikingly similar to Plaintiff's copyrighted work, in violation of common law and federal law.

24.   Defendants, through internet sites, mass-merchants and other retailers, offer for sale, market and have sold unauthorized and fraudulent copies of Plaintiff's works and received profits therefrom.

25.   Defendants knew that these works infringed upon Plaintiff's copyright and they willfully sold these infringing works and received profits therefrom.

26.   Defendants have induced, caused or materially contributed to the infringing acts alleged herein and are liable to Plaintiff Davidson for direct, contributory or vicarious copyright infringement.

27.   Defendants have economically benefited from the sale of these unauthorized copies of Plaintiff's copyrighted work.

28.   As a result of Defendants' willful infringement of Plaintiff's' copyrighted artwork, Plaintiff has been injured, and will continue to suffer substantial losses, including, but not limited to, damage to her name, reputation and goodwill. Plaintiff is entitled to recover actual damages, which include her losses and all profits Defendant has made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

29.   Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an Order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Plaintiff's copyright is unique and valuable property which has readily determinable market value; (b) Defendant's infringement harms Plaintiffs' business reputation and goodwill such that Plaintiff

could not be made whole by any monetary award; and, (c) Defendant's wrongful conduct, and the resulting damage to Plaintiffs, is continuing.

30. Alternatively, with actual or constructive knowledge of the infringing activity, Defendants have induced, caused and/or materially contributed to the infringing conduct of others; and/or have failed to exercise their respective rights and abilities to control the conduct of those responsible for infringement, while deriving a financial benefit from the infringement.

31. Defendants' conduct was intentional and willful and undertaken with a conscious disregard of Plaintiff's rights. Plaintiff Davidson is entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504. Plaintiff also is entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT
### By Plaintiff Davidson Against All Defendants

32. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 20 and Paragraphs 22 through 31, inclusive, of this Complaint.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertisement, distribution and/or sales of product featuring the Subject Design as alleged herein above.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing product.

8

35. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

36. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized but for their infringement of the Plaintiff's subject artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the subject artwork, an amount to be established at trial.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## COUNT III
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### By Plaintiff Davidson Against All Defendants

38. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 20, and Paragraphs 22 through 31and Paragraphs 33 through 37 inclusive, of this Complaint.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of product featuring the Subject Design as alleged herein above.

40. By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages

COMPLAINT FOR CORPYRIGHT INFRINGEMEN, ETC.

to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

41. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

42. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully pray for judgment against Defendants, granting Plaintiffs the following relief:

1.On Count I, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c), or in the alternative for an award of Defendants' profits and for compensatory damages according to proof;

1.     On Counts II and III, for an accounting, the imposition of a constructive trust, restitution of Defendants' unlawful proceeds, and damages according to proof;

2.     On Counts III for punitive and exemplary damages in such amount as may be awarded at trial;

3.     On all counts, a temporary and final injunction to prevent or restrain further infringements and misappropriations of Plaintiffs' copyrights and exclusive ownership interests;

4.  For prejudgment interest;

6.  For Plaintiffs' costs, including, on Counts I, her attorneys' fees and full costs pursuant to 17 U.S.C. § 505; and

7. For such other and further relief as the Court may deem just and proper.

FRISENDA, QUINTON & NICHOLSON

Dated:   November 27, 2018          By:_____
                                    FRANK FRISENDA, JR.
                                    Attorneys for Plaintiff
                                    JAN DAVIDSON

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

FRISENDA, QUINTON & NICHOLSON

Dated:  November 27, 2018           By:   /S/_____
                                    FRANK FRISENDA, JR.
                                    Attorneys for Plaintiff
                                    JAN DAVIDSON

11

COMPLAINT FOR CORPYRIGHT INFRINGEMEN, ETC.